**Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000016
24-APR-2017
09:28 AM**

NO. CAAP-17-0000016

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

IN RE HAWAI'I STATE ASBESTOS CASES
This Document Applies To:
WILLIAM E. SCHANE and MICHELLE SCHANE, Plaintiffs-Appellees,
v.
1) GENERAL ELECTRIC COMPANY, INC., a New York
   corporations;
2) ATWOOD & MORRILL, a subsidiary of WEIR VALUES &
   CONTROLS USA INS., a Massachusetts Corporation;
3) AURORA PUMP COMPANY, a division of PENTAIR, INC., a
   Minnesota corporation;
4) CBS CORPORATION, f/k/a VIACOM INC., successor by
   merger to CBS CORPORATION, f/k/a WESTINGHOUSE
   ELECTRIC CORPORATON, a Delaware corporation;
5) FLOWSERVE US INC., solely as successor to ROCKWELL
   MANUFACTURING COMPANY, successor-in-interest to
   EDWARD VALVE AND MANUFACTURING COMPANY, and
   successor-in-interest to EDWARD VALVES, INC., a
   New York corporation;
6) ITT CORPORATION, successor-in-interest to FOSTER
   ENGINEERING, an Indiana corporation;
7) JOHN CRANE, INC., a Delaware corporation;
8) THE LYNCH CO., INC., a Hawai'i corporation;
9) ELECTROLUX HOME PRODUCTS, successor to COPES VULCAN,
   INC., a Delaware corporation;
10) THE NASH ENGINEERING COMPANY, a Delaware
    corporation;
11) TATE ANDALE, INC., a Maryland corporation;
12) VELAN VALVE CORP., a New York corporation;
13) THE WILLIAM POWELL COMPANY, an Ohio corporation;
14) INGERSOLL RAND CO., individually and as successor-
    in-interest to ALDRICH PUMPS, a New Jersey
    corporation;

15) AMETEK, INC., Successor-in-Interest by merger to SCHUTTE AND KOERTING COMPANY, a corporation incorporated under the laws of Delaware;

16) ANCHOR DARLING VALVE COMPANY, as successor-in-interest to ANCHOR EQUIPMENT, a Pennsylvania corporation;

Defendants-Appellees;
and

17) DOES 1 to 25, Defendants;
and

HUGO PARKER LLP, EDWARD R. HUGO and ANTHONY BENTIVEGNA,
Non-Party/Respondents/Appellants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 15-1-0034)

ORDER
GRANTING JANUARY 17, 2017 MOTION TO DISMISS APPELLATE COURT CASE NUMBER CAAP-17-0000016 FOR LACK OF APPELLATE JURISDICTION
AND
DISMISSING AS MOOT ALL PENDING MOTIONS
IN APPELLATE COURT CASE NUMBER CAAP-17-0000016
(By: Fujise, Presiding Judge, Reifurth and Ginoza, JJ.)

Upon review of (1) Plaintiffs-Appellees William E. Schane and Michelle Schane's (the Schane Appellees) January 17, 2017 motion to dismiss appellate court case number CAAP-17-0000016 for lack of appellate jurisdiction, (2) Non-Party Respondents/Appellants Hugo Parker LLP, Edward R. Hugo and Anthony Bentivengna's (the Attorney Appellants) January 23, 2017 memorandum in opposition to the Schane Appellees' January 17, 2017 motion, and (3) the record, it appears that we lack appellate jurisdiction over the Attorney Appellants' appeal from the Honorable Rhonda A. Nishimura's

- December 19, 2016 interlocutory "Findings of Fact, Conclusions of Law and Order Granting Plaintiffs' Motion for an Order to Show Cause" (the December 19, 2016 interlocutory sanction order) and

- November 15, 2016 interlocutory order denying the Attorney Appellants' motion to disqualify the presiding judge (the November 15, 2016 interlocutory order),

-2-

because the circuit court has not yet entered a final judgment, as Hawaii Revised Statutes (HRS) § 641-1(a) (2016) and Rule 58 of the Hawai'i Rules of Civil Procedure (HRCP) require under the holding in <u>Jenkins v. Cades Schutte Fleming & Wright</u>, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994). Moreover, the subject orders are not appealable under the collateral order doctrine.

HRS § 641-1(a) authorizes appeals to the Hawai'i Intermediate Court of Appeals from final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). HRCP Rule 58 requires that "[e]very judgment shall be set forth on a separate document." Based on HRCP Rule 58, the Supreme Court of Hawai'i holds in civil circuit court cases that "[a]n appeal may be taken from circuit court orders resolving claims against parties only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" <u>Jenkins</u>, 76 Hawai'i at 119, 869 P.2d at 1338. "Thus, based on <u>Jenkins</u> and HRCP Rule 58, an order is not appealable, even if it resolves all claims against the parties, until it has been reduced to a separate judgment." <u>Carlisle v. One (1) Boat</u>, 119 Hawai'i 245, 254, 195 P.3d 1177, 1186 (2008); <u>Bailey v. DuVauchelle</u>, 135 Hawai'i 482, 489, 353 P.3d 1024, 1031 (2015); <u>Alford v. City and Count of Honolulu</u>, 109 Hawai'i 14, 20, 122 P.3d 809, 815 (2005). "An appeal from an order that is not reduced to a judgment in favor or against the party by the time the record is filed in the

supreme court will be dismissed." Jenkins, 76 Hawaiʻi at 120, 869 P.2d at 1339 (footnote omitted).

On March 14, 2017, the circuit court clerk filed the record on appeal for appellate court case number CAAP-17-0000016, which does not contain a final judgment. In the absence of an appealable final judgment, the only potential authority for appealing the two subject interlocutory orders appears to be the collateral order doctrine. The Supreme Court of Hawaiʻi "ha[s], in rare situations, considered an interlocutory order so effectively 'final' that [it] ha[s] exercised appellate jurisdiction over an appeal that is neither a final judgment nor has been allowed by the circuit court under HRS § 641-1(b)." Abrams v. Cades, Schutte, Fleming & Wright, 88 Hawaiʻi 319, 321, 966 P.2d 631, 633 (1998).

> Appellate jurisdiction in these cases is exercised under the collateral order doctrine. These interlocutory appeals are limited to orders falling in that small class which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated.

Id. (citations and internal quotation marks omitted). In order to be appealable under the collateral order doctrine, an appealed order must satisfy all three of the following requirements: "the order must [1] conclusively determine the disputed question, [2] resolve an important issue completely separate from the merits of the action, and [3] be effectively unreviewable on appeal from a final judgment." Id. at 322, 966 P.2d at 634 (citations and internal quotation marks omitted) (brackets in original). The Supreme Court of Hawaiʻi has observed that it

-4-

"must construe the collateral order doctrine narrowly and be parsimonious in its application." Siangco v. Kasadate, 77 Hawaiʻi 157, 162, 883 P.2d 78, 83 (1994). Otherwise, "[a]llowing widespread appeals from collateral orders would frustrate the policy against piecemeal appeals embodied in HRS § 641-1." Id.

Regardless whether the November 15, 2016 interlocutory order is independently appealable under the collateral order doctrine, the Attorney Appellants did not file their January 13, 2017 notice of appeal within thirty days after entry of the November 15, 2016 order, as HRAP Rule 4(a)(1) requires for a timely appeal. The failure to file a timely notice of appeal in a civil matter is a jurisdictional defect that the parties cannot waive and the appellate courts cannot disregard in the exercise of judicial discretion. Bacon v. Karlin, 68 Haw. 648, 650, 727 P.2d 1127, 1128 (1986); HRAP Rule 26(b) ("[N]o court or judge or justice is authorized to change the jurisdictional requirements contained in Rule 4 of these rules."); HRAP Rule 26(e) ("The reviewing court for good cause shown may relieve a party from a default occasioned by any failure to comply with these rules, except the failure to give timely notice of appeal."). Therefore, we lack appellate jurisdiction to review the November 15, 2016 interlocutory order.

With respect to whether the December 19, 2016 interlocutory sanction order is appealable under the collateral order doctrine, this court has held that "orders imposing sanctions against attorneys are immediately appealable under the collateral order doctrine." Schonleber v. A Reef Adventure,

-5-

Inc., 97 Hawai'i 422, 426, 38 P.3d 590, 594 (App. 2001) (citation omitted). However, it is noteworthy that in Schonleber v. A Reef Adventure, Inc., the sanction order sanctioned the attorney in three specific monetary amounts of $50.00, $450.00, and $150.00. Id. at 425, 38 P.3d at 593. Under analogous circumstances, the Supreme Court of Hawai'i has generally held that an interlocutory sanction order against a party satisfies the three requirements for appealability under the "collateral order doctrine" only if "the order directed payment of the assessed sum and was immediately enforceable through contempt proceedings." Harada v. Ellis, 60 Haw. 467, 480, 591 P.2d 1060, 1070 (1979) (emphases added). In other words, the sanction order must assess a monetary fine in a specific amount that the sanctioned party must pay, so that the failure of that party to pay the specific amount would be immediately enforceable through formal contempt proceedings. For example, when a sanction order against a party did not yet specify the exact amount of the sanction, the Supreme Court of Hawai'i held that the sanction order failed to satisfy all three requirements of the collateral order doctrine:

> First, the circuit court's order did not fully and finally dispose of the sanctions issue because it did not specify the amount of the Siangcos' attorney's fees that Kasadate would have to pay, but merely identified in general terms the activities that would be reimbursable. Because the circuit court will have to revisit the issue to set the exact amount of the fees owed the Siangcos, the sanctions order is interlocutory. . . .

Siangco v. Kasadate, 77 Hawai'i at 161, 883 P.2d at 82 (citations omitted; emphases added). When the interlocutory sanction order against a party does not specify the exact amount of the sanction, the interlocutory sanction order "fails to satisfy the

strict prerequisites of the collateral order doctrine," and thus, "is not a final appealable order." Id. at 162, 883 P.2d at 83.

In the instant case, the December 19, 2016 interlocutory sanction order does not fully and finally dispose of the sanctions issue because it does not specify the amount of the attorneys' fees and costs that the Attorney Appellants will have to pay, but, instead, it merely identifies in general terms the activities that will be reimbursable. Furthermore, the December 19, 2016 interlocutory sanction order does not appear to be immediately enforceable through contempt proceedings. Because the circuit court will have to revisit the issue to set the exact amount of the attorneys' fees and costs and the period by which payment is due, the December 19, 2016 interlocutory sanction order lacks the necessary finality to qualify as an appealable final collateral order. Consequently, we lack appellate jurisdiction.

> [J]urisdiction is the base requirement for any court considering and resolving an appeal or original action. Appellate courts, upon determining that they lack jurisdiction shall not require anything other than a dismissal of the appeal or action. Without jurisdiction, a court is not in a position to consider the case further. Thus, appellate courts have an obligation to insure that they have jurisdiction to hear and determine each case. The lack of subject matter jurisdiction can never be waived by any party at any time. Accordingly, when we perceive a jurisdictional defect in an appeal, we must, sua sponte, dismiss that appeal.

Housing Fin. and Dev. Corp. v. Castle, 79 Hawai'i 64, 76, 898 P.2d 576, 588 (1995) (citation, internal quotation marks, and ellipsis points omitted; emphasis added); Pele Defense Fund v. Puna Geothermal Venture, 77 Hawai'i 64, 69 n.10, 881 P.2d 1210, 1215 n.10 (1994).

Therefore, IT IS HEREBY ORDERED that the Schane Appellees' January 17, 2017 motion to dismiss appellate court case number CAAP-17-0000016 for lack of appellate jurisdiction is granted, and appellate court case number CAAP-17-0000016 is dismissed for lack of appellate jurisdiction.

IT IS FURTHER HEREBY ORDERED that all pending motions in appellate court case number CAAP-17-0000016 are dismissed as moot.

DATED: Honolulu, Hawai'i, April 24, 2017.

Presiding Judge

Associate Judge

Associate Judge